UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK,<br><br>                    Plaintiff,<br>    v.<br><br>LAURA LOU, ET AL,<br><br>                    Defendant. | CASE NO. 21-05720-LK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |

      This matter came before the Court on plaintiff's Motion for Entry of Default Judgment *In Rem*, Judgment Foreclosing Preferred Marine Mortgage and Order of Sale. Dkt. No. 22. The motion is denied without prejudice because plaintiff's motion does not satisfy the requirements of Local Civil Rule 55(b).

      Local Civil Rule 55(b)(2) requires that a plaintiff "provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." The motion for default states that as of

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE - 1

September 16, 2021, "there was a total of $662,199.72 due on the promissory note" and seeks a default judgment in that amount. However, neither the motion nor the accompanying declaration contains a "concise explanation" of how that amount was calculated.[1] As a subpart of that larger issue, the motion states that plaintiff "has continued to pay monthly insurance premiums on the vessel at the rate of $6,612.50/month," but it does not state when those payments began or how much in total plaintiff has paid for that insurance.

Plaintiff's motion also fails to set forth plaintiff's entitlement to the following relief sought against the defendant in rem: "in the event Plaintiff is the successful bidder at such sale, the amount to be credited against the judgment shall be the proceeds of the subsequent sale by Plaintiff of the defendant vessel, net of all costs of repair, care, custody, and sale." In the Complaint, plaintiff sought that relief against the in personam defendant, not against the in rem defendant. Dkt. No. 1 at 5. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(d). Moreover, the request for future, unspecified monetary relief does not appear to be a sum certain as required by LCR 55(b).

Therefore, the motion is denied without prejudice. Plaintiff may refile a motion for default judgment that meets the requirements of Local Civil Rule 55(b). In that motion, Plaintiff should provide authority justifying its request for inclusion in the default judgment the relief it sought in the Complaint against the in personam defendant, and explain why the future costs of "repair, care, custody, and sale" are sufficiently definite that they can be included in a default judgment now.

---

[1] The Complaint attaches the promissory note, which reflects an original amount of the loan in the amount of $537,288.00. Dkt. No. 1.

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE - 2

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing pro se at said party's last known address.
3  Dated this 13th day of January, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE - 3