UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEOPLES BANK, | CASE NO. 21-05720-LK |
| Plaintiff, | ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |
| v. | |
| LAURA LOU, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

This matter came before the Court on a motion filed by Plaintiff Peoples Bank for entry of default judgment *in rem*, judgment foreclosing preferred marine mortgage, and order of sale. Dkt. No. 26. Peoples Bank seeks foreclosure and sale of the vessel Laura Lou, Official Number 1095066 (the "vessel") to satisfy its preferred mortgage in default. No Defendant has appeared or opposed the motion. Having reviewed the motion, the supporting documents, and the balance of the record, the Court GRANTS the motion in part as set forth below.

## II.     BACKGROUND

*In personam* defendant Lonn Ostrem executed and delivered a promissory note (the "Note") to Peoples Bank in April 2018. Dkt. No. 1 ¶ 5. The Note was in the amount of $537,288.000 and provided for 240 monthly payments of principal and interest of $3,603.88 beginning May 10, 2018. *Id.*; *id.* at 9. The Note also provided that Mr. Ostrem would pay all expenses, including attorney's fees, incurred by the lender to collect any amount due on the Note. *Id.* ¶ 11; *id.* at 9.

Mr. Ostrem also executed and delivered a Preferred Marine Mortgage (the "Mortgage") on the vessel to Peoples Bank as mortgagee. Dkt. No. 1 ¶ 6; *id.* at 6-8. The Mortgage was recorded by the U.S. Coast Guard National Vessel Documentation Center on April 12, 2018. *Id.* ¶ 6.

Peoples Bank initiated this action on September 28, 2021 by filing a verified complaint. Dkt. No. 1. According to the complaint, Mr. Ostrem breached the terms of the Note and Mortgage by failing to make timely payments and by allowing the insurance to lapse on March 24, 2021. Dkt. No. 1 ¶ 8. When the insurance lapsed, Peoples Bank obtained insurance on the vessel, as permitted by the Mortgage, and Mr. Ostrem did not make his increased monthly payments of $10,508.61 in connection with the lender obtained insurance. *Id.*

Peoples Bank made a demand, but Mr. Ostrem has not cured the defaults. Dkt. No. 1 ¶ 9. Accordingly, Peoples Bank elected to declare due the entire unpaid principal plus all accrued and unpaid interest. *Id.* ¶ 10. Peoples Bank contends that as of September 16, 2021, there was a total of $622,199.72 in unpaid principal, interest, and charges due and owing on the loan. *Id.* Interest was calculated at the rate of 5.176820% per annum, which equates to $87.6621912 per day. *Id.*

Peoples Bank filed this action in September 2021 against the vessel and Mr. Ostrem alleging that Mr. Ostrem breached the terms of the Note and Mortgage by failing to make required payments. Dkt. No. 1. Peoples Bank then filed a motion for arrest of the vessel. Dkt. No. 6. The

Court issued an order authorizing the clerk to issue a warrant for the arrest of the vessel and appointing as substitute custodian Marine Lenders Services, LLC. Dkt. Nos. 9, 10; Local Supplemental Admiralty Rule ("LAR") 116(a), 135(b). The vessel was arrested on October 25, 2021. Dkt. No. 15. The Notice of Arrest was published as required in the Seattle Daily Journal of Commerce on October 28, 2021. Dkt. No. 13; LAR 125, 150; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions at Rule C(4). Peoples Bank provided notice of the complaint and arrest to Mr. Ostrem and to the substitute custodian. Dkt. No. 19 ¶¶ 7, 8. Following the arrest and publication, no one has presented a claim or filed a complaint in intervention. *See* LAR 131.

An Abstract of Title for the vessel was issued by the U.S. Coast Guard National Vessel Documentation Center on December 7, 2021. Dkt. No. 19 ¶ 5. The Abstract of Title shows that the vessel is owned by Mr. Ostrem and that he is the mortgagor on the preferred marine mortgage that is the subject of this lawsuit. *Id.* ¶ 6. The Abstract of Title does not reflect that there are any other mortgages; there was one lien claim that has been paid in full by Peoples Bank. *Id.* ¶ 6; *id.* at 7-8.

On December 16, 2021, Peoples Bank moved for default against the vessel *in rem*. Dkt. No. 18. In its filings, Peoples Bank set forth the steps it had taken to serve Mr. Ostrem. Dkt. Nos. 17, 19 ¶ 7; LAR 130(a). The Clerk of the Court granted the motion and entered default against the vessel *in rem* on December 17, 2021. Dkt. No. 20.

Peoples Bank subsequently moved for default judgment, and the Court denied the motion without prejudice, holding that Peoples Bank did not provide a "concise explanation" of how the amount sought was calculated or establish its entitlement to some of the relief it sought against the vessel *in rem*. Dkt. No. 25; LCR 55(b)(2). Peoples Bank filed a second motion for default judgment on February 4, 2022. Dkt. No. 26. With the motion, Peoples Bank filed declarations from its counsel and its Vice President, Credit Risk Manager, that set forth how the amounts in the motion

for default judgment were calculated. Dkt. Nos. 27, 28. Peoples Bank seeks entry of a default judgment *in rem*, a judgment foreclosing the preferred marine mortgage on the vessel, recovery of the amounts due from the vessel, and an order authorizing the U.S. Marshal to sell the vessel. Dkt. No. 26 at 1-2.[1] Peoples Bank seeks $622,199.72 plus interest at a rate of $87.66 per day through the date of judgment, plus administrative expenses, attorney's fees, costs, and post-judgment interest. Dkt. No. 26-1 at 2.

Defendants have not appeared in this action, and no other entity appeared to present a claim on the vessel.

### III.   JURISDICTION AND PROCEDURAL REQUIREMENTS

Before assessing the merits of a default judgment in an *in rem* action, a court must confirm that it has subject matter jurisdiction over the case and *in rem* jurisdiction over the defendant, as well as ensure the adequacy of service upon those who may have an interest in the vessel. *See Crescent City Harbor Dist. v. M/V Intrepid*, No. 08-1007 JCS, 2008 WL 5211023, at *2-3 (N. D. Cal. Dec. 11, 2008). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333; *see also* 46 U.S.C. § 31325(c). Moreover, "the holder of a maritime lien has the right to proceed in rem directly against the vessel that is the fictional cause of the loss." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 858 (9th Cir. 2005) (cleaned up). This court has *in rem* jurisdiction over the vessel because the Court issued a warrant for arrest of the vessel pursuant to Rule C and "the warrant[] w[as] successfully served" in this district. Dkt. Nos. 10, 15; *Ventura Packers, Inc.*, 424 F.3d at 858.

---

[1] Plaintiff notes that its filings concern only the *in rem* portion of this action; Plaintiff will file additional documents regarding the *in personam* portion of the proceedings. Dkt. No. 19 ¶ 10.

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 4

This Court must also ensure that the requirements of the Supplemental Admiralty Rules and this district's Local Admiralty Rules are met. Mr. Ostrem has been served with the summons and complaint in this matter. Dkt. No. 12. The complaint is verified, it describes with reasonable particularity the vessel that is the subject of the action, and states that the vessel is within this district. Dkt. No. 1 at 5, ¶ 3; Supp. Adm. R. C(2). Peoples Bank has complied with Rule C and complied with the notice requirements in the Local Admiralty Rules, including giving notice of the action and arrest of the vessel and publishing the Notice of Arrest in the Seattle Daily Journal of Commerce. Dkt. Nos. 1, 13, 17, 19 ¶¶ 4, 7, 8; Supp. Adm. R. C; LAR 125, 130, 150. Moreover, more than 14 days have passed since the arrest and notice were published, and no person has filed a verified statement of right asserting any right of possession or ownership interest in the vessel. Supp. Adm. R. C(6)(a)(i)(A).

### IV.   LEGAL STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. The court has discretion to grant or deny a motion for default judgment. *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts may consider the following factors in deciding whether to grant a motion for default judgment (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). However, the plaintiff must establish the relief to which it is entitled. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Accordingly, "necessary facts not contained in the pleadings, and the claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

V.     **DISCUSSION**

**A. Peoples Bank is Entitled to Default Judgment**

The Court has considered the *Eitel* factors and finds that default judgment is appropriate in this case for the reasons laid out below.

1. <u>The possibility of prejudice to the plaintiff</u>

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. *See, e.g., PepsiCo, Inc., v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Peoples Bank filed its suit in September 2021, and no Defendant has responded or otherwise put forth a defense in this action. Moreover, Mr. Ostrem has failed to make timely payments and allowed the insurance on the vessel to lapse, and Peoples Bank has accrued additional costs as a result. Dkt. No. 1 ¶ 8. Peoples Bank is prejudiced because it is left without a legal remedy absent entry of default judgment. *See, e.g.*, *Alliant Credit Union v. Williams*, No. CV18-8483-GW(PLAx), 2020 WL 10963955, at *4 (C.D. Cal. Feb. 13, 2020). Therefore, the first factor weighs in favor of entering default judgment.

2. <u>The merits of plaintiff's substantive claims and the sufficiency of the complaint</u>

In evaluating the second and third factors, the Court considers the merits of the plaintiff's claims and whether the allegations in the complaint are sufficient to state a claim on which the

plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Under 46 U.S.C. § 31325, a "preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel." On default of the mortgage, the mortgagee "may enforce the preferred mortgage lien in a civil action in rem for a documented vessel." *Id.* Peoples Bank has adequately pled that Mr. Ostrem has not paid the amount due on the promissory note and that $535,971.15 in principal is still due. Dkt. No. 1 ¶ 5, Dkt. No. 27 ¶ 4; *Capital Bank PLC v. M/Y Birgitta*, No. CV08-5893PSG(SSx), 2010 WL 2902740 (C.D. Cal. 2010) (explaining that a borrower's failure to pay monthly installments of a marine loan on the borrower's vessel constituted a default, making the entire unpaid principal due).

The allegations in Peoples Bank's complaint, which the Court accepts as true upon default, establish that:

- Peoples Bank is the holder in due course of the Note and the Mortgage covering the whole vessel;
- the Mortgage was recorded with the United States Coast Guard;
- Mr. Ostrem has defaulted on the Note and the Mortgage;
- Peoples Bank has complied with all requirements to foreclose on the vessel; and
- there are no other liens or mortgages on the vessel;.

Dkt. No. 1 ¶¶ 5-10; *id.* at 6; Peoples Bank therefore has a valid claim for remedies and priorities as provided under 46 U.S.C. § 31325. *Alliant Credit Union*, 2020 WL 10963955, at *4. The second and third *Eitel* factors therefore weigh in favor of a default judgment.

3. <u>The sum of money at stake in the action</u>

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176-77. This requires the court to assess whether the recovery sought is proportional to the harm caused

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 7

by defendants' conduct. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Peoples Bank seeks a total of $622,199.72 in principal, unpaid interest, insurance premiums, attorney's fees, and moorage fees, plus pre-judgment interest at a rate of $87.66 per day, and post-judgment interest at the statutory interest rate until the amount is paid. Dkt. Nos. 1, 26-1. While the total amount is substantial, Peoples Bank is entitled to it under the Note and Mortgage and the amount is proportional to the amount of the Note. Dkt. No. 1 ¶ 5. The complaint establishing the amount due is verified, the Mortgage and Note are attached to the complaint, and those documents establish Peoples Bank's entitlement to the amount sought. Dkt. No. 1. This factor weighs in favor of default judgment. *See Cap One, Inc. v. MV Sierra Rose*, No. C19-01911-TLN-CKD, 2021 WL 3047278, at *4 (E.D. Cal. July 20, 2021), *report and recommendation adopted,* 2021 WL 4443094 (E.D. Cal. Sept. 28, 2021).

4.   <u>The possibility of a dispute concerning material facts</u>

As for the fifth factor, no genuine issue of material fact exists. Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.

5.   <u>Whether the default was due to excusable neglect</u>

Turning to the sixth factor, the record contains no indication that Mr. Ostrem's default was due to excusable neglect. Mr. Ostrem has been served and given sufficient notice of this action. Dkt. Nos. 12, 17, 19 ¶¶ 7, 8. Although the record does not show that Peoples Bank served Defendants with their motion for default judgment, it was not required to do so since no Defendant has appeared in this action. LCR 55(b)(4). Because there is no evidence of excusable neglect, this *Eitel* factor favors the entry of a default judgment.

      6. <u>The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits</u>

Finally, the Court is aware that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive" because Rule 55 allows a court to issue a default judgment if defendant fails to appear and defend. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (cleaned up). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment especially where, as here, Defendant has failed to appear or defend and the other *Eitel* factors weigh in favor of entering a default judgment. *See, e.g.*, *Cap One, Inc.*, 2021 WL 3047278, at *5.

In sum, the Court finds that the *Eitel* factors weigh in favor of entry of default judgment in favor of Peoples Bank and that default judgment is warranted.

**B. Peoples Bank is Entitled to Remedies**

The Court now turns to the issue of remedies. The Court does not presume the truth of any factual allegations related to the amount of damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.

Peoples Bank requests:

1. entry of a default judgment against the defendant vessel;
2. a finding that Peoples Bank's claim under its preferred marine mortgage is superior to that of any other claimant;
3. an order that the preferred marine mortgage on the LAURA LOU, Official Number 1095066, her engines, tackle, apparel, furniture and equipment, in favor of Peoples Bank, is foreclosed;
4. an order that Peoples Bank shall have judgment against the LAURA LOU, Official Number 1095066, her engines, tackle, apparel, furniture, and equipment in rem for

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 9

$622,199.72, plus interest at the rate of $87.66 per day from September 16, 2021, through the date of entry of this judgment, plus administrative expenses and attorneys' fees and costs as subsequently approved by the Court; plus, (as identified in Section 1(c) of the Complaint filed in this matter), all costs of this action, including charges for all fees for keepers and their costs incurred in this action and for all expenses for the arrest, custody, moorage, insurance and sale of the defendant vessel, her engines, tackle, apparel, furniture, appurtenances and equipment;

5. interest at the federal rate from the date of this judgment until paid;

6. an order that the U.S. Marshal shall cause the LAURA LOU, her engines, tackle, apparel, furniture, and equipment, to be condemned and sold in accordance with Supplemental Rule E, the Local Admiralty Rules, and the practices of this Court, at public auction to the highest and best bidder, the sale to be held alongside the vessel on a date and at a time satisfactory to the U.S. Marshal to be determined after entry of this Order;

7. an order that at such sale, Plaintiff Peoples Bank shall be permitted, but not required, to bid in any part of the judgment and accrued interest here awarded without cash deposit;

8. an order that if the vessel is sold to any party other than Peoples Bank, the actual amount received by Peoples Bank from the sale after payment of the U.S. Marshal's charges shall be the net proceeds of sale to be credited against the judgment granted herein, but in the event Peoples Bank is the successful bidder at such sale, the amount to be credited against the judgment shall be the proceeds of the subsequent

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 10

        sale by Peoples Bank of the vessel, net of all costs of repair, care, custody, and sale; and

9. an order that the U.S. Marshal shall deposit the proceeds of the sale, if any, in the Registry of the Court and the Clerk shall, after having paid all costs and administrative expenses as approved by subsequent Order, pay to Peoples Bank so much of the balance remaining as is necessary to satisfy the judgment here awarded, and the clerk shall retain the remainder of the proceeds, if any, in the Registry of the Court subject to further Order.

Dkt. No. 26-1.

As for the principal amount, Peoples Bank's complaint states that the original amount of the Note was $537,288.00, and Peoples Bank has filed a declaration stating that $535,971.15 in principal is still due on the note. Dkt. Nos. 1 ¶ 5, 27 ¶ 4. The Court can accept the principal amount owed as set forth in the declaration since it is less than the amount set forth in the complaint. *See, e.g., Banner Bank v. Certain 42' Single Oil Screw Pilothouse Squid Light Boat*, No. CV 18-01542-DSF(JC), 2018 WL 6431001, at *5 (C.D. Cal. Sept. 18, 2018). Peoples Bank is entitled to pre-judgment interest and late charges as requested in its verified complaint and motion for default judgment. Dkt. No. 1 at 3-4; Dkt. No. 26-1 at 2. The complaint and note provide for pre-judgment interest at the rate of $87.66 per day, and post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961. Dkt. No. 1 at 3-4, 9; *see also Security Pac. Bank of Wash. v. September Morn*, 754 F. Supp. 813 (W.D. Wash. 1990) (awarding pre-judgment at rate at the contractual rate and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) ("Under the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory."); LAR 155. Peoples Bank also sought attorney's fees in the complaint. Dkt. No. 1 at 3-4. The Note provides

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 11

for attorney's fees, and Peoples Bank has stated in a declaration that it had incurred attorney's fees in the amount of $2,611.58 as of September 16, 2021. Dkt. Nos. 1 at 9, 27 ¶ 4.

In addition, Peoples Bank is entitled to foreclosure based on the information in its verified complaint, its compliance with the notice procedures and requirements set forth in the federal and local admiralty rules, and the fact that no one has filed a statement of right or interest in the vessel or appeared to claim the vessel. *See, e.g.*, *Bank of Am., N.A. v. Black Hawk*, Case No. 3:10-cv-05427-RBL, Dkt. No. 28 (W.D. Wash. Nov. 10, 2010) (granting default judgment and order of foreclosure); Supp. Adm. R. C.

Furthermore, the Court finds that ordering the U.S. Marshal to sell the vessel in accordance with the Court's Local Admiralty Rules is an appropriate way to accomplish foreclosure of the lien. Title 46 U.S.C. § 31326 provides that a judicial sale of the vessel may be ordered in a civil action *in rem* to enforce a preferred ship mortgage. *See, e.g., First Interstate Bank of Cal. v. M/Y Wanda*, No. C96-1058 CW, 1996 WL 721694, at *4 (N.D. Cal. Oct. 7, 1996). The Court finds that a sale is appropriate in this case where Peoples Bank is the holder of a preferred mortgage lien and the only known claimant. *See id.* Furthermore, Peoples Bank's claim under its preferred marine mortgage is superior to that of any other claimant. Dkt. No. 19 ¶ 6; *id*. at 7-8. Supplemental Admiralty Rule E(9) permits this Court to enter an order direct the U.S. Marshal to sell a vessel in custody to satisfy a judgment where, as here, the property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the property is excessive or disproportionate. In this case, Peoples Bank has shown that the costs of keeping the property are quickly mounting and disproportionate. Dkt. No. 27 ¶ 5 (setting forth costs of moorage and substitute custodian). The court further finds it appropriate that Peoples Bank be permitted, but not required, to credit bid without cash deposit up to the extent of its judgment. *See. e.g., Bank of Am., N.A. v. Black Hawk*, Case No. 3:10-cv-05427-RBL, Dkt. No. 28 at *4 (W.D.

Wash. Nov. 10, 2010) (allowing plaintiff to credit bid without cash deposit); *Cap One, Inc.*, 2021 WL 4443094, at *1 (same); LAR 145(b) (courts may specify terms of sale).

In addition to the unpaid principal, Peoples Bank seeks to recover its payments of insurance of $79,350.00 and moorage fees of $3,295.50 through September 16, 2021. Dkt. No. 27 ¶ 4. Peoples Bank demanded payment of insurance and moorage costs in the complaint and has substantiated those reasonable costs by declaration, so the Court can award those amounts as part of the judgment. *Id.*; Dkt. No. 1 at 4; *see, e.g., Keefe Kaplan Mar., Inc. v. The Vessel "Cygnet,"* No. 4:17-cv-03899-KAW, 2018 WL 534300, at *7-8 (N.D. Cal. Jan. 24, 2018) (awarding costs of insurance, moorage, and substitute custodian on a default judgment provided that plaintiff substantiated the amounts).

Peoples Bank states that after the vessel is sold, Peoples Bank will file a Motion for Approval of Attorney's Fees and Costs and a Motion for Approval of Administrative Expenses incurred after September 16, 2021. Dkt. No. 28 ¶ 8; *see also* Dkt. No. 26-1 (proposed order of default judgment seeking expenses, attorney's fees, and costs "as subsequently approved by the Court").[2] Because Peoples Bank will file a subsequent motion and because the Court cannot award future costs now, the Court will await Peoples Bank's further motions to determine the amount of any fees, costs, and expenses after September 16, 2021 and declines to grant Peoples Bank's requested relief to credit against the judgment "the proceeds of the subsequent sale by Plaintiff of the defendant vessel, net of all costs of repair, care, custody, and sale" if Peoples Bank is the successful bidder at the auction. Dkt. No. 26-1 at 3. Such costs have not yet been substantiated. *See, e.g., Cap One, Inc.*, 2021 WL 4443094 (declining to award future collection costs in default

---

[2] At this point, the Court cannot award Peoples Bank attorney's fees allegedly incurred after September 16, 2021 because Peoples Bank did not include counsel's billing records. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (cleaned up) (explaining that time spent on work that is "excessive, redundant, or otherwise unnecessary" is not compensable).

judgment). The Court will consider an award of expenses, costs, and attorney's fees incurred after September 16, 2021 based on subsequent motion.

## VI.     CONCLUSION

For all the foregoing reasons, the Court GRANTS in part Peoples Bank's motion for default judgment. Dkt. No. 26. Default judgment shall enter in favor of Peoples Bank and against Defendant vessel Laura Lou *in rem* as follows:

1. The preferred marine mortgage on the LAURA LOU, Official Number 1095066, her engines, tackle, apparel, furniture, and equipment, in favor of Peoples Bank, is foreclosed;

2. Plaintiff Peoples Bank shall have judgment against the LAURA LOU, Official Number 1095066, her engines, tackle, apparel, furniture, and equipment *in rem* for $622,199.72, plus interest at the rate of $87.66 per day from September 16, 2021, through the date of entry of this judgment, and post judgment interest at the rate prescribed by 28 U.S.C. § 1961;

3. Peoples Bank is entitled to its additional expenses (including expenses for moorage, custodial fees, and insurance of the vessel), attorney's fees, and costs as the Court will subsequently approve by separate order upon motion(s) from Peoples Bank; and

4. The U.S. Marshal shall cause the LAURA LOU, Official Number 1095066, her engines, tackle, apparel, furniture, and equipment, to be condemned and sold in accordance with Supplemental Admiralty Rule E, the Local Admiralty Rules, and the practices of this Court, at public auction to the highest and best bidder, the sale to be held alongside the vessel on a date and at a time satisfactory to the U.S. Marshal to be determined after entry of this Order. The Marshal is authorized to conduct the sale virtually, via Zoom or another appropriate virtual platform, in light of the ongoing COVID-19 pandemic. At such sale, Plaintiff Peoples Bank shall be permitted, but not required, to bid all or part of its judgment and accrued interest here awarded without cash deposit.

It is further ORDERED that the U.S. Marshal shall deposit the proceeds of the sale, if any, in the Registry of the Court. If Peoples Bank seeks funds from the proceeds in the Registry, it may file a motion for disbursement pursuant to Local Civil Rule 67.

The Clerk is directed to enter judgment against the defendant *in rem* and send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of February, 2022.

Lauren King
United States District Judge